# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| John Charles Herin and PEGHEDS, Inc., | C/A No.: 0:11-cv-1164-JFA |
| Plaintiffs, | |
| vs. | **ORDER** |
| U.S. Band and Orchestra Supplies, Inc., LOUD Technologies, Inc., and Andrew Glasser, | |
| Defendants. | |

This matter is before the court upon the Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this case to the District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1404.[1] The parties have fully briefed this matter, and after inviting oral argument, the court grants Defendants' motion and transfers this case to the United States District Court for the Eastern District of Missouri.

## BACKGROUND

This dispute arises out of Plaintiffs John Charles Herin and PEGHEDS, Inc.'s allegation that the Defendants have breached the terms of the Patent License Agreement entered into between them regarding the use of tuning pegs for orchestral instruments. Plaintiffs own a patent on the tuning peg, and through a Patent License Agreement, they licensed the use of the tuning peg in 2004 to St. Louis Music, Inc. in return for a specified royalty, among other things. St. Louis Music used the tuning peg in its brand of instruments known as the Knilling String Instruments. In 2005, Defendant LOUD Technologies, Inc. purchased St. Louis Music, which included an assignment of the Patent License Agreement to LOUD Technologies, and LOUD

---

[1] Defendant Andrew Glasser moved the court to join in Defendants U.S. Band and Orchestra Supplies, Inc. and LOUD Technologies, Inc.'s motion to dismiss, and the court grants that motion.

Technologies continued to use the tuning peg in its orchestral instruments. In 2008, LOUD Technologies sold its division of orchestral instruments to Defendant U.S. Band and Orchestra, Inc., and this sale included the assignment of the original Patent License Agreement entered into between Plaintiffs and St. Louis Music, Inc. Plaintiffs agreed to both of these assignments of the Patent License Agreement.

It appears from Plaintiffs' complaint that neither LOUD Technologies, Inc. nor U.S. Band and Orchestra, Inc. has paid the Plaintiffs royalties as they are obligated under the Patent License Agreement. Thus, the Plaintiffs have alleged a breach of contract cause of action against the Defendants. Plaintiffs also seek to rescind the Patent License Agreement and allege that the 2008 assignment of the Patent License Agreement from LOUD Technologies, Inc. to U.S. Band and Orchestra, Inc. was the result of fraud, as one or both of these Defendants made representations they knew were fraudulent in order to induce the Plaintiffs to consent to the assignment. Finally, Plaintiffs ask for an accounting and assert a number of state law claims against the Defendants.

The crux of this motion concerns a forum-selection clause present in the Patent License Agreement. It states:

> This Patent License shall be binding upon and inure the benefit of the parties' permitted assigns. This Patent License shall be governed by and construed in accordance with the laws of the State of Missouri. Any lawsuit brought to enforce the provisions of this Patent License shall be brought either in the Circuit Court for St. Louis County or the U.S. District Court for the Eastern District of Missouri, Eastern Division.

(Defs.' Mot. for S.J., Ex. A. Patent License ¶ 10.) Pursuant to this provision, the Defendants move the court to dismiss this case for lack of improper venue, or to transfer this case, as they

2

believe the Eastern District of Missouri is where this case should be filed. Plaintiffs oppose the motion.

## **ANALYSIS**

At the outset, the court finds it more appropriate to decide whether or not this case should be transferred to the United States District Court for the Eastern District of Missouri, as requested by Defendants as alternative relief, rather than to decide whether the case should be dismissed without prejudice. A district court may transfer a case to another district court pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

As the language of the rule suggests, the court should first consider the convenience of the witnesses and the parties. In this case, it appears that this factor slightly favors transferring the case to Missouri. Although the Plaintiffs are located in South Carolina, Defendant U.S. Band and Orchestra Supplies, Inc. maintains its headquarters in Missouri, and it appears that many of the material witnesses in this case are also located in Missouri. Of course, Defendant Andrew Galsser resides in New York, and Defendant LOUD Technologies, inc. is based out of Washington. Moreover, this matter primarily involves a breach of contract issue; therefore, presumably, neither forum creates a burden in accessing other sources of proof beyond the witnesses. Nevertheless, requiring all of the witnesses located in Missouri to appear in South

Carolina could prove to be a burden. Thus, the court finds that this factor favors transferring the case to the Eastern District of Missouri.

Next, the court should consider the "interest of justice". As the United States Supreme Court has noted, "the presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences."). A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213 (4th Cir. 2007). A forum-selection clause is unreasonable if "(1) it was the result of fraud or overreaching; (2) trial in the contractual forum would be so gravely difficult and inconvenient for the complaining party that he would for all practical purposes be deprived of his day in court; or (3) enforcement would contravene a strong public policy of the forum in which suit is brought." *M/S Bremen*, 407 U.S. at 15–18; *Pee Dee Health Care, P.A.*, 509 F.3d at 213–14.

Here, Plaintiff contends that the forum-selection clause is unreasonable because the 2008 assignment was induced by fraud and overreaching. This argument is based on an alleged false projection of sales by U.S. Band and Orchestra Supplies, Inc. While it may later be proven that fraud or overreaching puts into question the legitimacy of the 2008 assignment of the Patent License Agreement, Plaintiffs have not been able to make any arguments related to fraud that would have specifically induced Plaintiffs to agree to the forum selection clause when the Patent License Agreement was first entered into in 2004. As the Supreme Court has stated:

> [F]orum-selection clauses 'should be given full effect' when 'a freely negotiated . . . . [and] . . . unaffected by fraud . . . .' This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). Because there has been no showing that the forum-selection clause was the result of fraud perpetrated in 2004, the court must find the provision valid and enforceable.

Plaintiffs further argue that the court will subject them to a grave injustice if it transfers the case to Missouri because Missouri law has changed since 2004. Although Plaintiffs concede that the choice-of-law provision in the Patent License Agreement would require this court to apply Missouri law, they believe the changes in Missouri law since 2004 cause them to be without remedies that they expected to be able to pursue at that time. While their argument may be true, the court believes it is directed at the fairness of the choice of law provision, as opposed to the forum selection provision, and is not enough to overcome the validity of the forum-selection provision.

Finally, Plaintiffs argue that the forum selection clause at issue contravenes a strong public policy of South Carolina. The basis of Plaintiffs' contention lies in South Carolina Code section 15-7-120(A), which states:

> Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

Plaintiffs contend that this statutory provision evidences a strong policy of the State to allow contracting parties to litigate a dispute in a South Carolina court regardless of a mandatory forum selection clause agreed to by the parties in their contract, so long as the action may otherwise be brought in a manner provided under the South Carolina Code and Rules of Civil Procedure. The United States Court of Appeals for the Fourth Circuit laid this issue to rest in a recent decision, in which it determined that South Carolina does not have a strong public policy that would be violated by the enforcement of a forum-selection clause. *Albemarle Corp. v. Astra Zeneca UK Ltd.*, 628 F.3d 643, 652 (4th Cir. 2010). This court is constrained to follow this decision, and in doing so, it must find that this argument by Plaintiffs will not defeat the Defendants' motion.

Accordingly, the court believes the interest of justice will further be served if this case is transferred. Therefore, the court grants Defendant's motion and orders that this case be transferred to the United States District Court for the Eastern District of Missouri.

IT IS SO ORDERED.

August 18, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge